UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE FRANCISCO PALACIOS JIMENEZ, *Petitioner* | § § § § | |
| v. | § § | No. 1:25-CV-02121-ADA |
| PAMELA JO BONDI, UNITED STATES ATTORNEY GENERAL IN HER OFFICIAL CAPACITY; ET AL., *Respondents* | § § § § § § | |

**ORDER**

Before the Court is Petitioner Jose Francisco Palacios Jimenez's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. Palacios Jimenez asks the Court to order Respondents Pamela Bondi, Kristi Noem, Todd Lyons, Sylvester Ortega, and Charlotte Collins to release Palacios Jimenez or provide him a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 10.

Under 28 U.S.C. § 2243, a court

> entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not to exceed twenty days, is allowed." 28 U.S.C. § 2243.

Palacios Jimenez alleges he is entitled to a writ because he is being unlawfully detained without bond under the interpretation of the Immigration and Nationality

1

Act's ("INA") mandatory and discretionary detention provisions that was adopted by the Board of Immigration Appeals ("BIA") in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) and in violation of his rights as a bond-eligible class member in *Maldonado Bautista v. Santacruz*. *See* Dkt. 1; *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025) (granting partial summary judgment that section 1226(a), not section 1225(b)(2), governs similarly situated petitioners); *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (certifying a bond-eligible class).

In light of the foregoing, **IT IS ORDERED** that Respondents show cause in writing **on or before Friday, January 9, 2026**, as to why the Court should not grant Palacios Jimenez's petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that Respondents **SHALL NOT** (1) remove or deport Palacios Jimenez from the United States, or (2) transfer Palacios Jimenez to any facility outside the boundaries of the Austin Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). This is not to be construed as a temporary restraining order but rather an exercise of the Court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*,

No. 3-25-CV-361-KC, 2025 WL 2606118, at *2-3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

SIGNED January 6, 2026.

                                                DUSTIN M. HOWELL
                                                UNITED STATES MAGISTRATE JUDGE